IN THE SUPREME COURT OF THE STATE OF DELAWARE

AMIR FATIR aka STERLING HOBBS, §

§ No. 218, 2019

§

Defendant Below, § Court Below–Superior Court
Appellant, § of the State of Delaware

§

v. § Cr. ID. No. 75060892DI (N)

§

STATE OF DELAWARE, §

§

Plaintiff Below, §
Appellee.

Submitted: July 24, 2019
Decided: October 17, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Amir Fatir, filed this appeal from a Superior Court order denying his "Motion for Relief from Judgment or Order." The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Fatir's opening brief that his appeal is without merit. We agree and affirm.

(2)     In 1976, a Superior Court jury convicted Fatir of first degree murder, first degree robbery, second degree conspiracy, and possession of a deadly weapon during the commission of a felony. The Superior Court sentenced Fatir to death.

The death sentence was ultimately vacated, and Fatir was resentenced to life imprisonment for his murder conviction on July 10, 1980.

(3) Following his resentencing, Fatir has filed numerous unsuccessful state and federal motions for relief, including five motions for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61") and several motions for correction or modification of sentence under Superior Court Criminal Rule 35 ("Rule 35"). On April 9, 2019, Fatir filed a "Motion for Relief from Judgment or Order" under Superior Court Civil Rule 60(b) ("Rule 60(b)"). The Superior Court concluded that, to the extent the motion sought to set aside Fatir's convictions, the motion should be treated as a Rule 61 motion. The Superior Court then dismissed the motion as procedurally barred. This appeal followed.

(4) In his appeal, Fatir argues the Superior Court abused its discretion by treating his Rule 60(b) motion as a Rule 61 motion. Fatir argues he did not seek to overturn his conviction by way of his Rule 60(b) motion but, rather, to rescind all previous applications of time bars and findings that his filings were frivolous or malicious so that he may refile a Rule 61 and/or a Rule 35(a) motion.

(5) Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court's judgment should be affirmed on the basis of and for the reasons stated in its April 23, 2019 order. The Superior Court properly

concluded that Rule 60(b) cannot be used to reopen judgments in criminal cases.[1]

To the extent that the Superior Court treated Fatir's Rule 60(b) motion as a motion

for postconviction relief filed under Rule 61, the court did not abuse its discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[1] *Landry v. State*, 2015 WL 4464772, at *1 (Del. July 20, 2015) ("Superior Court Civil Rule 60(b) cannot be used to reopen judgments in criminal cases.").